UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY KONRATH,<br>Inmate #254068,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LOMA LINDA UNIVERSITY<br>MEDICAL CENTER,<br><br>　　　　　　　　　Defendant. | Case No.: 3:16-cv-03013-WQH-JMA<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**1) FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**2) FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1391(b) AND § 1406(a)** |

　　Plaintiff, a prisoner currently incarcerated at Westville Correctional Facility in Westville, Indiana, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff seeks to sue the Loma Linda University Medical Center, in Loma Linda, California, for discriminating against him and failing to accommodate his "Type II bi-polar disorder" while he was employed as an orthopedic

1

surgeon there almost twenty years ago, in July 1998. (ECF No. 1 at 1-3).

## I. Failure to Pay Filing Fee or Request In Forma Pauperis ("IFP") Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, as Plaintiff is a prisoner in this case, even if he is granted leave to commence his suit IFP, he will remain obligated to pay the entire filing fee in "increments[,]" *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action and he has not filed a Motion to Proceed IFP which complies with 28 U.S.C. § 1915(a)(1) and (2). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Venue

Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

While the Court would normally grant Plaintiff an opportunity to either pay the full filing fee or file a Motion to Proceed IFP, an initial review of his Complaint further reveals that he has filed his case in the wrong district. Plaintiff is currently incarcerated in Indiana, and he seeks to sue the Loma Linda University Medical based on incidents that took place there. (ECF No. 1 at 1).

The City of Loma Linda is located in the County of San Bernardino, California, and it is within the Central District of California, Eastern Division. *See* 28 U.S.C. § 84(c)(1). *See also* 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."); 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488. Because no claim is alleged to have arisen in, and no Defendant is alleged to reside in either San Diego or Imperial County, the Court finds dismissal of the action without prejudice based on lack of proper venue is also appropriate. *See* 28 U.S.C. § 1406(a).

## III. Conclusion and Order

Accordingly, the Court **DISMISSES** this action sua sponte without prejudice based on Plaintiff's failure to pay the $400 filing fee required by 28 U.S.C. § 1914(a), his failure to file a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), and for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a).

**IT IS SO ORDERED**.

Dated: May 3, 2017

Hon. William Q. Hayes
United States District Court